## Appeal of THE COLLINS CO.

Docket No. 4432.   Submitted January 21, 1926.   Decided April 16, 1926.

Under the facts proven, *held* that the shares of stock of a corporation held by the taxpayer are inadmissible and can not be included in invested capital for the taxable year.

*George H. Day, Esq.*, for the taxpayer.
*Arthur H. Fast, Esq.*, for the Commissioner.

Before GRAUPNER and PHILLIPS.

This is an appeal from the determination of a deficiency in income and profits taxes for the fiscal year ended May 31, 1920, in the amount of $33,936.92, of which only $1,012.80 is here in controversy. The sole issue is whether the capital stock owned by the taxpayer in another corporation may be included in the taxpayer's invested capital. The Commissioner held such stock to be an inadmissible asset.

### FINDINGS OF FACT.

The taxpayer is a Connecticut corporation having its plant and offices at Collinsville.

In 1867, the Farmington River Water Power Co., hereinafter called the Farmington Co., was organized under the laws of Massachusetts, with an authorized capital of $100,000, divided into shares of a par value of $100 each, for the purpose of supplying water power to various manufacturers along the Farmington River. On

May 24, 1876, the taxpayer subscribed for 560 shares of the stock of this company. The stock was paid for by an assessment of 55 per cent of the amount thereof, paid in May, 1876, and divers other assessments, in amounts varying from 1½ per cent to 10 per cent. The final assessment was paid on October 14, 1891. Subsequent to its original subscription, the taxpayer acquired additional stock, and in the fiscal year here involved it owned 630 shares, and its president, its office manager, and its superintendent each owned 1 share.

The capital stock of the Farmington Co. has, at least during the past 20 years, been held by manufacturing concerns which are consumers of its water power, with the exception of a small minority of shares, which have been held by officers or employees of the manufacturing consumers. The expenses of the Farmington Co. have been met by annual assessments against the stockholders in proportion to the number of shares they held and no other charge has been made against its consumers for water or service furnished.

At a meeting of the stockholders of the Farmington Co. held in October, 1919, at which an estimate of the amount needed for operation during the ensuing year was presented, 634 shares of stock were present and voted, of which 630 shares were held by the taxpayer, 3 by its officers and employees, and 1 by the president of another power-consuming company.

The Farmington Co. has never paid dividends.

### OPINION.

GRAUPNER: It is the contention of the taxpayer that the stock of the Farmington Co. should not be classed as an inadmissible asset because the corporation is a cooperative venture. In support of this contention it urges that because of the method of operation of the Farmington Co., in meeting its expenses by assessment, it has never had earnings, has never paid dividends, and is not so constituted that it could pay dividends, and, consequently, such stock does not come within the terms of section 325 of the Revenue Act of 1918, reading in part:

The term " inadmissible assets " means stocks, bonds, and other obligations (other than obligations of the United States), the dividends or interest from which is not included in computing net income. * * *

We have held, in the *Appeal of Securities Investing Fund, Inc.,* 1 B. T. A. 279, 284, that—

The words " the dividends or interest from which is not included in computing net income " identify a type or class of investment and that they have no reference to *received* income.

Under the provisions of section 326 of the Act, the stock can not be included in the invested capital of the taxpayer for the fiscal year involved, because the dividend derived therefrom is not included in computing net income.

There is nothing, as far as the record shows, in the charter of the Farmington Co. to prevent its operation for profit. Under its charter it is privileged to operate in the manner of the ordinary stock corporation organized and operated for profit. The fact that it elected to operate on a nonprofit basis certainly can have no effect on the type or class of investment to which its capital stock belongs.

Considering these matters in the light of the interpretation above given to the words of the statute, we are of the opinion that the Commissioner's action in excluding from invested capital the stock of the Farmington Co. held by the taxpayer must be sustained.

*Order of redetermination will be entered on 15 days' notice, under Rule 50.*

PHILLIPS, dissenting: I can not agree with the conclusion which has been reached in the prevailing opinion. In levying the excess-profits tax, the statute lays down a rule for the computation of invested capital the intent of which can not be mistaken. There is to be included in invested capital, speaking in general terms, the investment made by the stockholders, together with the undistributed earnings. All assets representing this investment are divided by the statute into admissibles and inadmissibles. There is to be deducted from invested capital a percentage thereof equal to the percentage which the amount of inadmissible assets is of the amount of the total assets. Inadmissible assets are defined by the statute as follows:

Sec. 325. (a) * * * The term "inadmissible assets" means stocks, bonds, and other obligations (other than obligations of the United States), the dividends or interest from which is not included in computing net income, but where the income derived from such assets consists in part of gain or profit derived from the sale or other disposition thereof, or where all or part of the interest derived from such assets is in effect included in the net income because of the limitation on the deduction of interest * * *, a corresponding part of the capital invested in such assets shall not be deemed to be inadmissible assets; * * *.

The plain intent of the statute is to include in invested capital that portion of the assets the income from which is to be included in computing the taxable income, and to exclude from invested capital that portion of the assets the income from which is not to be included in the computation of taxable income. This appears particularly from those clauses which permit a part of the inadmissibles to be included where income is derived from the sale or other disposition

thereof, or where the interest therefrom, ordinarily exempt, must be included in the computation of the income.

One of the material elements in the computation of income is the cost of the goods sold. One of the factors which goes into this computation is the cost of the power used in producing these goods. Whether power is secured through the acquisition of a power plant or through the purchase of stock in a cooperative enterprise which owns a plant, the cost of the power necessarily includes the cost or value of the use of the capital invested. Where, as here, the cost of the goods sold does not include any allowance for a return on the capital invested in a power plant, there is included in the net taxable income, in effect, an amount equal to a reasonable return upon such capital; in effect, interest or dividends upon such capital investment is included in computing taxable net income. Because the investment took the form of a purchase of stock the dividends upon which would, if paid, be tax exempt, the conclusion is reached that the capital invested is inadmissible. Dividends are not expressly declared or interest paid, it is true, but the effect on the net income is the same as though dividends had been declared or interest paid and such dividends or interest had been included in taxpayer's income.

If the prevailing opinion be right, if we may not look to the intent of the law but must give regard only to its words, if we may not regard the substance but only the apparent form, then an error has been made in allowing this taxpayer any deduction whatever for the cost of its water power, for such cost was paid by an assessment on the stock, a capital transaction. Merely to state that proposition shows its fallacy, for who can doubt that the power cost this taxpayer not only the amount of the assessment but also the use of the investment. There can be no doubt that income from this investment is included in computing the net income of the taxpayer and, the income from the investment being reflected in the taxable net income, it is error to classify the investment as an " inadmissible asset."

I do not believe that such a construction does violence even to the words of the statute. The words " dividends or interest " are, I believe, used in the sense of " income," and that clause of the definition which reads " the dividends or interest from which is not included in computing net income " is to be interpreted as " the income from which is not (to be) included in computing net income."

It is argued that the power company might at any time become a profit-earning corporation. This could only be done by increasing the charge for power supplied, thereby increasing the taxpayer's deductible expense. That such is the case shows conclusively that the difference between the rate charged and a profit-making rate is reflected in the taxpayer's taxable income. When and if the power

company charges a rate in excess of the actual cost of production, the situation will be changed to the extent that the earnings from the investment are no longer reflected in the taxable net income through the expense account, and the investment in the stock will become inadmissible, not only within the definition of the statute but also within its intent. Until that time comes, however, it seems to be necessary only to point out that for 60 years the same uniform custom has been followed by the taxpayer.

On reference to the Board, GREEN, LANSDON, and TRUSSELL concur in the dissent.